Dear Mr. Koupal:
This letter is in response to a request from your predecessor in office for an opinion of this office asking as follows:
 Is it a conflict of interest for the Executive Director of the Missouri State Board of Cosmetology or his/her spouse to be a co-owner and/or instructor of a Cosmetology school which is registered with the Board or for which an application for a certificate of registration is pending pursuant to Section 329.040 RSMo?
Your statement of facts states:
 The duties of the Executive Director include supervision and management of the operations of a staff of eighteen employees who are responsible for examining and issuing licenses to cosmetology students, apprentices, cosmetologists, instructors, cosmetology schools and shops. Some of the specific functions include:
 a) issue permits to all cosmetology school students;
 b) handle all student and consumer complaints and present them to the Board;
 c) review license applications for cosmetology schools;
d) inspect all schools of cosmetology;
e) license cosmetology instructors;
 f) test graduates of beauty schools to determine if they have adequately completed courses necessary for licensure.
 In addition, the Director develops and presents policies and regulations applicable to cosmetologists and cosmetology schools, students and the instructors to the Board for adoption and presents cases (regarding licensure, disciplinary action, complaints, etc.) to the Board and implements Board decisions in those cases.
We note that the documents you have submitted to us indicate that the Executive Director and her spouse own the cosmetology school and that the Executive Director is a designated staff instructor of the school.
In our Opinion No. 536 dated December 19, 1969, to Leonard, not enclosed, this office concluded that the Secretary of the Missouri Real Estate Commission is prohibited from engaging in the real estate practice because of a conflict between the duties of such secretary and the secretary's activities as a practicing realtor. In reaching that conclusion this office quoted the general statement of law which is now found in 63A Am.Jur.2d § 321, Public Officers and Employees, as follows:
 A public officer owes an undivided duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public.
The same source at § 322 states:
 A person's status as a public officer forbids him from placing himself in a position where his private interest conflicts with his public duty. His good faith is of no moment because it is the policy of the law to keep him so far from temptation as to insure the exercise of unselfish public interest. This policy is not limited to a single category of public officer but applies to all public officials. Anything which tends to weaken public confidence and to undermine the sense of security for individual rights is against public policy. The state has a substantial compelling interest in restricting unethical practices of its employees and public officials not only for the internal integrity of the administration of government, but also for the purpose of maintaining public confidence in state and local government.
 See also State ex inf. Taylor v. Cumpton, 240 S.W.2d 877, 886
(Mo. banc 1951), State ex rel. St. Louis County v. Kelly, 377 S.W.2d 328,332 (Mo. 1964).
In addition the common law principles we have discussed form the basis for Governor's Executive Order No. 81-2 dated February 10, 1981, which provides in pertinent part:
 (6) No appointed official or state employee shall engage in or accept private employment or render services for private interest when such employment or service is incompatible or in conflict with the proper discharge of their official duties or would tend to impair their independence, judgment, or action in the performance of their official duties . . .
Considering the nature of the duties of the Executive Director as set out in your statement and as contained in the job description for that position, it is our view that there would be an appearance of a conflict of interest for the Executive Director of the State Board of Cosmetology to be a co-owner and instructor of a cosmetology school registered with the Board or for which an application is pending. Public servants should avoid even the appearance of conflicts of interest.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General